UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| *In re* BAYCOL PRODUCTS LITIGATION | MDL NO. 1431 (MJD/SRN) |
| This Document Relates to: | **REPORT AND RECOMMENDATION** |
| *Michael Acey, et al., v. Bayer Corp., et al.* (Plaintiff Michael Acey only) | Case No. 03-4983 |

No appearance on behalf of Plaintiff Michael Acey

Susan A. Weber, Esq. and James W. Mizgala, Esq. on behalf of Defendant Bayer Corporation

SUSAN RICHARD NELSON, United States Magistrate Judge

The above-entitled matter comes before the undersigned Magistrate Judge of District Court on Defendant Bayer Corporation's Motion for Discovery Sanctions against Plaintiff Michael Acey [Doc. No. 77]. This matter has been referred to the undersigned for a Report and Recommendation pursuant to 28 U.S.C. § 636 and D. Minn. LR 72.1.

## I.  INTRODUCTION

Defendant Bayer Corporation ("Bayer") moves this Court to dismiss this action with prejudice as a sanction under PTO 149 and Rule 37(B)(2)(C) and 37(d) of the Federal Rules of Civil Procedure for Plaintiff's failure to appear for his duly noted deposition on March 22, 2007 in Ridgeland, Mississippi. Section I.A.2 of PTO 149 provides, in relevant part:

    a.    Defendants shall be entititled to depose each Plaintiff . . .

    d.    Except for good cause shown, if a Plaintiff fails to appear for his/her scheduled deposition, such Plaintiff's claims will be dismissed with prejudice.

On March 1, 2007, fully consistent with PTO 149, Defendant Bayer served a Re-Notice of Deposition of Plaintiff Michael Acey upon Plaintiff's counsel of record to be taken on March 22, 2007 in the offices of Porter & Malouf P.A. in Ridgeland, Mississippi.  On March 20, 2007, Plaintiff's counsel, Porter & Malouf P.A., informed Bayer's counsel by letter that Plaintiff would not appear for his deposition.

## II.  DISCUSSION

Defendant Bayer argues that Plaintiff has willfully violated PTO 149 which established mandatory procedures for case-specific discovery and that Bayer is prejudiced by Plaintiff's failure to appear for his deposition.  In order to adequately defend against his claim, Bayer argues that it is entitled to fundamental discovery regarding Plaintiff's use of Baycol, the nature, extent and potential causes of Plaintiff's alleged injuries and the extent of Plaintiff's alleged damages.   Plaintiff did not respond to Bayer's motion.

Federal Rule of Civil Procedure 37 provides courts with broad discretion to impose sanctions for failure to comply with discovery orders, including the ultimate sanction of dismissal with prejudice.  In pertinent part, the rule states that "[i]f a party . . . fails to obey an order to provide or permit discovery, including an order made under subdivision (a) of this rule . . . the court in which the action is pending may make such orders in regard to the failure as are just, [including] an order . . . dismissing the action or proceeding or any part thereof." Fed. R. Civ. P. 37(b)(2)(C).

In the Eighth Circuit, dismissal may be considered as a sanction only where there is an order compelling discovery, willful violation of that order, and prejudice to the opposing party. Keefer v. Provident Life & Accident Ins. Co., 238 F.3d 937, (8th Cir. 2000) (citation omitted).

While the district court has discretion to impose discovery sanctions, such sanctions must be just and specifically related to the claim at issue.  <u>Id.</u> (citations omitted).  Before imposing dismissal, courts must consider whether a lesser sanction is appropriate under the circumstances, but need not impose the least onerous sanction available.  <u>Id.</u> (citations omitted).  The Court notes that it has supported the imposition of such sanctions in prior Baycol matters.  <u>See Bougher, et al. v. Bayer Corp.</u>, Civ. No. 02-0914 (MJD/JGL), slip. op. at 2 (D. Minn. May 24, 2004).

In the present case, PTO 149 specifically and clearly calls for the dismissal of an action, if Plaintiff fails to appear for his or her deposition.  Further, the Court finds that Bayer has shown the requisite prejudice.  It is undisputed that Bayer is entitled to discover fundamental facts regarding Plaintiff's usage of Baycol, injuries and damages by way of deposition.  Plaintiff's willful failure to appear at his deposition makes it virtually impossible for Bayer to prepare an adequate defense to his claim.  Hence, a sanction of dismissal of Plaintiff's claims is appropriate under these circumstances.

This Court must consider, of course, whether a lesser sanction against Plaintiff will cure the prejudice to Bayer.  However, because Plaintiff saw fit to ignore his deposition notice, the Court finds, in its discretion, that any lesser sanction would be futile.  It is recommended that Bayer's motion for dismissal be granted.

Based on all the files, records, and proceedings herein,

IT IS HEREBY RECOMMENDED that:

    1.    Defendant Bayer Corporation's Motion for Discovery Sanctions against Plaintiff Michael Acey [Doc. No. 77] be GRANTED; and

    2.    Plaintiff Michael Acey's action be DISMISSED WITH PREJUDICE.

Dated: April 20, 2007

    s/ Susan Richard Nelson
SUSAN RICHARD NELSON
United States Magistrate Judge

Under D. Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **May 7, 2007,** a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Circuit Court of Appeals.